SEE, Justice
(concurring specially).
I believe that the reason certiorari review is inappropriate in this case is that Barry Dowdell has used the wrong procedural vehicle to assert his claim. In his petition for certiorari review, Dowdell asserts that he filed both a Rule 32, Ala. R.Crim. P., petition and a motion for post-conviction discovery, see Ex parte Land, 775 So.2d 847 (Ala.2000), and that the trial court denied both his Rule 32 petition and his discovery motion. Dowdell’s remedy as to the denial of his discovery motion, however, was to petition the Court of Criminal Appeals for a writ of mandamus, and, if that court denied the petition, then to petition this Court for the writ of mandamus. Dowdell asserts in his petition for certiorari review that that is exactly what he did.
The Court of Criminal Appeals, however, makes no mention in its opinion of Dowdell’s having filed a mandamus petition, and Dowdell does not allege that he ever petitioned this Court for mandamus relief directing the trial court to allow him to conduct postconviction discovery. See Rule 21(e)(1), Ala. R.App. P.
I further note that Dowdell’s allegations regarding his motion for postconviction discovery are not properly before this Court because he failed to provide a statement of verified facts in his petition for certiorari review. See Rule 39(d)(5)(A), Ala. RApp. P. Therefore, this Court is correct in denying Dowdell’s petition for certiorari review because he has failed to properly place before this Court the issue whether he is entitled to postconviction discovery that would subject evidence in the State’s possession to DNA analysis.